**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

ELMER L. CARTER
ADC #600308                                                                    PLAINTIFF

V.                                      4:09CV00757 BSM/JTR

ANGELA BIDDINGS, Nurse,
Pulaski County Detention Center, et al.                          DEFENDANTS


**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge Brian

S. Miller.  Any party may serve and file written objections to this recommendation.  Objections

should be specific and should include the factual or legal basis for the objection.  If the objection

is to a factual finding, specifically identify that finding and the evidence that supports your

objection.  An original and one copy of your objections must be received in the office of the United

States District Clerk no later than fourteen (14) days from the date of the findings and

recommendations.  The copy will be furnished to the opposing party.  Failure to file timely

objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or

additional evidence, and to have a hearing for this purpose before the United States District Judge,

you must, at the same time that you file your written objections, include a "Statement of Necessity"

that sets forth the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence to be proffered at the requested hearing before the

United States District Judge was not offered at the hearing before the
Magistrate Judge.

3.      An offer of proof setting forth the details of any testimony or other
        evidence (including copies of any documents) desired to be
        introduced at the requested hearing before the United States District
        Judge.

From this submission, the United States District Judge will determine the necessity for an additional

evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## I. Introduction

Plaintiff, Elmer L. Carter, who is a prisoner in the Arkansas Department of Correction

("ADC"), alleges in this § 1983 action that Defendants failed to provide him with adequate medical

care while he was confined at the Pulaski County Detention Center ("PCDC"). *See* docket entry #2.

Separate Defendant Jefferson has filed a Motion for Summary Judgment, a Supporting Brief,

and a Statement of Undisputed Facts. *See* docket entries #68, #69, and #70. Separate Defendants

Biddings, Stowe, Daniels, Morgan, and Speers also have filed a Motion for Summary Judgment, a

Supporting Brief, and a Statement of Undisputed Facts. *See* docket entries #74, #75, and #76.

Plaintiff has not filed a Response to either of the Motions for Summary Judgment, and the time for

doing so has expired. Accordingly, the following facts are deemed admitted:[1]

---

[1]  On May 6 and 14, 2010, the Court entered Orders giving Plaintiff thirty days to file
Responses to each of the Motions for Summary Judgment. *See* docket entries #71 and #79.
Importantly, the Court advised Plaintiff that if he failed to timely and properly do so, the facts set
forth in Defendants' summary judgment papers would be deemed admitted, pursuant to Local Rule

1.      Plaintiff arrived at the PCDC on October 4, 2008.  *See* docket entry #76.

2.      On the same day, Plaintiff received an initial health screening.  *Id.*  He told a PCDC nurse, who is not a Defendant in this action, that he suffered from AIDS, neuropathy, and genital warts.  *Id.*  He indicated that he was taking a variety of medications for those illnesses.  *Id.* However, the nurse was unable to verify Plaintiff's prescriptions, with his pharmacy in Texas, and the phone number he proved for his HIV clinic was not a working number.  *Id.*

3.      On October 8, 2008, Defendant Dr. Carl Johnson examined Plaintiff and diagnosed him with neuropathy and HIV.[2]  *Id.*  He made an appointment for Plaintiff to see Defendant Dr. Terry Jefferson, who is a private physician specializing in the treatment of patients with HIV and AIDS.  *See* docket entries #70 and #76.

4.      On October 9, 2008, Defendant Jefferson examined Plaintiff.  *See* docket entry #70. He instructed Plaintiff to take Bactrim, Intelence, Norvir, Prezista, Truvada, and Zithromax for the treatment of his HIV.  *Id.*  He also completed a Medical Request Form with the Arkansas AIDS Drug Assistance Program ("ADAP").[3]  *See* docket entry #76, Ex. A-13.

5.      On October 16, 2008, the ADAP approved the Request and sent Plaintiff's HIV medications to the PCDC.  *Id.*  Plaintiff began receiving those medications on October 19, 2008.[4]

---

56.1.  *Id.*

[2]  Defendant Johnson is a private doctor, who has a contractual agreement to provide medical services to the PCDC. Plaintiff's inadequate medical care claims against him are discussed in a Recommended Partial Disposition that was entered on September 9, 2010.  *See* docket entry #81.

[3]  In her sworn Affidavit, Defendant Speers explains that the: "ADAP is a program that provides lower cost medications and works to ensure continuity of treatment during and after an inmate's stay in jail."  *See* docket entry #76, Ex. A at ¶ 18.

[4]  Plaintiff did not receive his medications on October 17, 2008, because he did not go to pill call.  *See* docket entry #76.  It is unclear why he did not receive his medications on October 18,

*Id.*

6.     On October 20, 2008, Plaintiff submitted a sick call request stating that he was not receiving a high protein/calorie diet.  *Id.*

7.     On October 24, 2008, Defendant Johnson denied Plaintiff's request for a high protein/calorie diet because it had not been prescribed by Defendant Jefferson.  *Id.*  He also instructed Plaintiff to take 800 mg of Ibuprofen, three times a day, to alleviate the pain he was suffering as a result of his neuropathy.  *Id.*

8.     On October 27, 2008, Plaintiff did not receive Prezista.[5]  *Id.* This is the only day during the month of October 2008, that Plaintiff did not receive his daily Prezista.

9.     On November 4, 2008, Defendant Johnson examined Plaintiff.  *Id.*  At that time, Plaintiff asked Defendant Johnson if his family members could bring him: (a) an Aldara prescription for the treatment of genital warts; and (b) a Neurontin prescription for the treatment of neuropathy.  *Id.*  Defendant Johnson approved both of Plaintiff's requests.[6]

10.     Plaintiff properly received his medications throughout November, with the following exceptions: (a) on November 2, 2008, he did not receive Intelence, Prezista, Norvir, and Truvada; (b) on November 11, 2008, he did not receive Prezista; (c) on November 16, 2008, he did not receive Intelence, Prezista, and Truvada; (d) on November 18, 2008, he did not receive Intelence, Prezista, Norvir, Truvada, and Zithromax;  and (e) on November 26, 2008, he did not receive Intelence.  *Id.*

11.     On December 2, 2008, Defendant Johnson renewed his instruction that Plaintiff be

---

2008.

[5] Defendants Nurses Angela Biddings, Kimberly Stowe, and Joyce Daniels were responsible for dispensing Plaintiff's medications while he was at the PCDC.  *See* docket entry #76.

[6] It is unclear whether Plaintiff's family brought those medications to the PCDC.

allowed to take Aldara and Neurontin, which were suppose to be brought to the PCDC by his family. *Id.*   Later that day, a nurse determined that Plaintiff did not have either medication in his personal property. *Id.*

12.     On December 4, 2008, Defendant Johnson wrote Plaintiff a prescription for Aldara and Neurontin.  *Id.*  Plaintiff began receiving those medications the next day.  *Id.*

13.     Throughout December, Plaintiff properly received his medications, with the following exceptions: (a) on December 1, 2, and 12, 2008, he did not receive Intelence; and (b) on December 11, 28, and 31, 2008 he did not receive Neurontin.  *Id.*

14.     On December 28, 2008, Defendant Jefferson refilled Plaintiff's HIV medications. *See* docket entry #70.

15.     Throughout January, Plaintiff properly received his medications, with the following exceptions: (a) on January 2, 2009, he did not receive Intelence; and (b) on January 11, 2009, he did not receive Neurontin. *See* docket entry #76.

16.     On January 16, 2009, Plaintiff was transferred from the PCDC to the ADC.  *Id.*

## II. Discussion

In order to establish an inadequate medical care claim, a detainee or prisoner must demonstrate that: (1) he had an objectively serious medical need; and (2) prison officials actually knew of and deliberately disregarded that serious medical need.[7] *Estelle v. Gamble*, 429 U.S. 97

_____

[7] From October 4, 2008 until November 9, 2008, Plaintiff was a pretrial detainee. *See* docket entry #76.  Thereafter, he was a convicted prisoner.  *Id.*  Inadequate medical care claims brought by a pretrial detainee are analyzed under the Fourteenth Amendment's Due Process Clause, while the same claims brought by a convicted prisoner are analyzed under the Eighth Amendment's Cruel and Unusual Punishment Clause.  *See Bell v. Wolfish*, 441 U.S. 520, 535 (1979). However, the Eighth Circuit has applied the same deliberate indifference standard to inadequate medical care claims based on either the Fourteenth or Eighth Amendment. *See Vaughn v. Greene County, Ark.*, 438 F.3d 845, 850 (8th Cir. 2006).

(1976); *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997).

As to the first element, the parties do not dispute that Plaintiff's HIV, neuropathy, and genital warts were serious medical needs.  *See Pool v. Sebastian County, Ark.*, 418 F.3d 934, 944 (8th Cir. 2005) (explaining that a medical need is "objectively serious" if it has been diagnosed by a physician as requiring treatment or if it is "so obvious that even a layperson would easily recognize the necessity for a doctor's attention"); *Coleman v. Rahija*, 114 F.3d 778, 784 (8th Cir. 1997) (same).

As to the second element, the Eighth Circuit has clarified that negligence, gross negligence, or a disagreement with the course of medical care does not rise to the level of a constitutional violation.  *Gibson v. Weber*, 433 F.3d 642, 646 (8th Cir. 2006); *Estate of Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 2001).   Instead, to establish deliberate indifference, a detainee must present "proof of a reckless disregard of the known risk." *Moore v. Duffy*, 255 F.3d 543, 545 (8th Cir. 2001). In other words, "there must be actual knowledge of the risk of harm, followed by deliberate inaction amounting to callousness." *Bryan v. Endell*, 141 F.3d 1290, 1291 (8th Cir. 1998).

## A.     Defendant Jefferson

Plaintiff alleges that Defendant Jefferson denied him adequate medical when he: (1) prescribed HIV medications that were different from those Plaintiff received from his freeworld physician, prior to his confinement at the PCDC; and (2) failed to place him on a high protein/calorie diet.  *See* docket entry #2.

In his sworn Affidavit, Defendant Jefferson states that, based upon his medical training and extensive experience in treating HIV patients, he treated Plaintiff "appropriately for his health concerns."   *See* docket entry #68, Ex. B. Although he has been given an opportunity to do so, Plaintiff has failed to come forward with *any* evidence demonstrating that his HIV was adversely

affected, or that he was otherwise harmed by Defendant Jefferson's course of care.  *See Dulany,* 132 F.3d at 1240 (holding that: "In the face of medical records indicating that treatment was provided and physician affidavits indicating that the care provided was adequate, an inmate cannot create a question of fact by merely stating that she did not feel she received adequate treatment"); *Davis v. Hall,* 992 F.2d 151, 153 (8th Cir. 1993) (explaining that a prisoner's disagreement with a physician's medical judgment or prescribed course of treatment is insufficient to establish deliberate indifference).  Thus, Defendant Jefferson is entitled to summary judgment on the inadequate medical care claim Plaintiff has asserted against him.[8]

## B.    Defendants Biddings, Stowe, and Daniels

Plaintiff contends that Defendants Nurses Stowe, Daniels, and Biddings provided him with inadequate medical care when they failed, on several occasions, to properly dispense his prescription medications.[9]  *See* docket entry #2.

As previously discussed, negligence and even gross negligence are insufficient to establish a constitutional violation.  *Gibson*, 433 F.3d at 646; *see also Dulany,* 132 F.3d at 1245 (explaining

---

[8]  Defendant Jefferson also argues that he was not a state actor because he was a private physician, who did not have a contractual agreement  to provide medical care to Plaintiff or any other county prisoners.  *See* docket entry #69.  As the Court explained in this January 7, 2010 Recommended Partial Disposition, the lack of a contractual relationship does not necessary prevent a doctor from becoming a state actor.  *See* docket entries #46 and #60.  Neither the Supreme Court nor the Eighth Circuit has set clear parameters as to when a private doctor, who voluntarily treats county or state prisoners, becomes a state actor.  The Court need not resolve that issue in this case because it is clear that Defendant Jefferson is entitled to summary judgment, even if he is considered to be a state actor.

[9]  These Defendants have explained that Plaintiff did not receive his medications on November 16 and 18, 2008, because the PCDC had temporarily run out of those prescriptions.  *See* docket entry #76.  However, they have not explained why Plaintiff did not receive his medications on the other specific dates.

that: "A number of individual and isolated incidences of medical malpractice or negligence do not amount to deliberate indifference"). More importantly, Plaintiff has not come forward with *any* evidence demonstrating that he was harmed by the unexplained failure of these Defendants to provide him with some of his medications on twelve days randomly scattered during the months of October 15, 2008 through January 16, 2009. *See Zentmyer v. Kendall County, Ill.,* 220 F.3d 805, 811-12 (8th Cir. 2000) (affirming summary judgment, in a § 1983 action, when a pretrial detainee failed to demonstrate that he was harmed by the jailers' occasionally failure to properly dispense his medications). Thus, Defendants Biddings, Stowe, and Daniels are entitled to summary judgment.

## C.     Defendant Speers

Plaintiff alleges that Defendant Health Administrator Sarah Speers, who is a registered nurse, failed to provide him with adequate medical care when she denied his request for a high protein/calorie diet. *See* docket entry #2. However, as previously discussed, Defendant Jefferson – who is a specialist in treating HIV patients – did not order that Plaintiff be placed on such a diet. Plaintiff has not come forward with any evidence demonstrating that Defendant Speers had the authority to override the expert opinion of Defendant Jefferson. *See Meloy v. Bachmeier*, 302 F.3d 845 (8th Cir. 2002) (holding that § 1983 does not require a prison nurse "with less medical training to second-guess or disregard a treating physician's treatment decisions").

Plaintiff also contends that Defendant Speers violated his constitutional rights because he did not receive his HIV prescriptions until October 19, 2008, which was fifteen days after he arrived at the PCDC. *See* docket entry #2. This claim fails for two reasons.

First, Plaintiff has not presented *any* evidence demonstrating that Defendant Speers was involved in obtaining his HIV medications. Instead, the undisputed evidence demonstrates that they

were obtained by Defendant Jefferson, through the ADAP program.

More importantly, Plaintiff has not come forward with *any* evidence demonstrating that he was harmed by the fifteen-day delay in receiving his HIV medications. *See Laughlin v. Schriro*, 430 F.3d 927, 929 (8th Cir. 2005) (holding that, to defeat summary judgment, a prisoner "must place verifying medical evidence in the record to establish the detrimental effect of the delay in medical treatment"); *Crowley v. Hedgepeth,* 109 F.3d 500, 502 (8th Cir. 1997) (same).   Thus, Defendant Speers is entitled to summary judgment.

**D.     Defendant Morgan**

Finally, Plaintiff asserts that Defendant Sheriff Randy Morgan provided him with inadequate medical care when he affirmed, on appeal, several grievances Plaintiff filed about the medical care he was receiving at the PCDC.  *See* docket entry #2.  In each case, Defendant Morgan affirmed the denial of Plaintiff's grievances based on the medical decisions of the treating doctors and nurses who were responsible for Plaintiff's medical care while he was incarcerated at the PCDC.

There is no vicarious liability in § 1983 actions.  Instead, a supervisor, such as Defendant Morgan, may be held liable only for his personal involvement in the alleged constitutional violation. *Tlamka v. Serrell*, 244 F.3d 628, 635 (8th Cir. 2001); *Keeper v. King*, 130 F.3d 1309, 1314 (8th Cir. 1997).  Additionally, the Eighth Circuit has held that prison supervisors, who lack medical expertise, cannot be held liable for decisions made by medically trained prison staff.  *See, e.g., Drake ex rel. Cotton v.  Koss*, 445 F.3d 1038, 1042-43 (8th Cir.  2006) (holding that jailers could not be held liable for a psychiatrist's determination that a pretrial detainee was not suicidal); *Meloy*, 302 F.3d at 849 (8th Cir. 2002) (holding that a prison medical director could not be held liable for refusing to override a prison doctor's decision that an inmate did not need a continuous positive air pressure

machine to treat sleep apena); *Keeper,*130 F.3d at 1314 (8th Cir. 1997) (holding that a prison superintendent could not be held liable for a prison doctor's failure to properly diagnosis symptoms of an impending stroke). Accordingly, Defendant Morgan is entitled to summary judgment.

### III.  Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1.      The remaining Defendants' Motions for Summary Judgment (docket entries #68 and #74) be GRANTED, and that this case be DISMISSED, WITH PREJUDICE.

2.      The Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order and Judgment adopting this Recommended Disposition would not be taken in good faith.

Dated this 15th day of September, 2010.

_____
UNITED STATES MAGISTRATE JUDGE